(29 Misc. Rep. 639.)

## AARONS v. KLEIN.

(Supreme Court, Appellate Term. November 29, 1899.)

LANDLORD AND TENANT—HUSBAND AND WIFE—AGENCY—EVIDENCE.

Where a wife, owning leased property, made substantial alterations, in accordance with the lease, shortly after it was made, the fact that at the time the lease was signed the lessor's husband said that he represented his wife, who made no answer, and that he collected the rents, which in fact, with but two exceptions, were paid by check drawn to the lessor's order, was not sufficient to prove the husband's authority to contract for further improvements, so as to entitle the lessee to set off a claim for the same assigned to him, as against rent due the wife.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Annie Aarons against Moritz Klein for rent. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William H. Schnitzer (Moses Feltenstein, of counsel), for appellant.

Joseph Wilkenfeld, for respondent.

MacLEAN, J. In this action, for rent admittedly due, the defendant was allowed to recover on a counterclaim for a bill assigned to him for labor and material said to have been ordered by the husband of the lessor, whom the assignor, one Sweetman, never saw, and with or from whom he never had any communication. The alleged order of the husband was said to have been given months after the defendant had taken the premises, a liquor store, under a lease for 10 years, at a monthly rental of $50, and under covenants to

make all repairs and considerable alterations. The improbability of the story that an owner of property duly leased for a long term, and upon which the lessee had spent the substantial sum of over $1,200 for improvements, would, without consideration moving to her, make betterments not to benefit herself until after the lapse of nine years, may not count for much except to emphasize the necessity of proper proof of the alleged agency, which might not be presumed from their relation of husband and wife (Willson v. Underhill, 83 Hun, 233, 31 N. Y. Supp. 585; Valentine v. Applebee, 87 Hun, 1, 33 N. Y. Supp. 762), and as to which in the case there was practically no proof,—that the lessor had appointed her husband agent in this behalf, had manifested her will to that effect by a distinct statement for and to that purpose, or had acted so as clearly and unequivocally to recognize him as agent (McIntosh v. Battel, 68 Hun, 216, 22 N. Y. Supp. 805). All that was adduced in this respect was the testimony of the defendant, answering directly leading questions, that at the execution of the lease both the plaintiff and her husband were present, and that before the names were signed the husband said that he represented his wife, who made no remark thereabout; and, further, that the husband collected the rents, which, as it turns out, were more frequently collected by the son, and, save twice, were paid by check drawn to the order of the plaintiff. These incidents did not evidence that the husband was the wife's agent to bargain for the improvements of the building, nor can the carelessness of counsel in failing to move for dismissal supply evidence of such authority. The judgment should be reversed.

New trial ordered, with costs to the appellant to abide the event. All concur.